Alan A. Ahdoot, Esq. (State Bar No. 238594)
Christopher B. Adamson, Esq. (State Bar No. 238500)
Douglas D. Shaffer, Esq. (State Bar No. 116213)
**ADAMSON AHDOOT LLP**
1122 S. La Cienega Blvd.
Los Angeles, California 90035
T: 310.888.0024
F: 888.895.4665
E: alan@aa.law
E: christopher@aa.law
E: doug@aa.law

Attorneys for Plaintiff
ANDRES FRANSISCO PAZMINO

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| ANDRES FRANCISCO PAZMINO, an individual,<br><br>      Plaintiff,<br><br>  vs.<br><br>AMAZON.COM SERVICES LLC; and DOES 1-100, inclusive,<br><br>      Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>   1. **NEGLIGENCE – FAILURE TO WARN**<br>   2. **NEGLIGENT PRODUCTS LIABILTY**<br>   3. **STRICT PRODUCTS LIABILITY**<br>   4. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br><br>**PLAINTIFF REQUESTS TRIAL BY JURY**<br><br>**DEMAND IS ABOVE $75,000.00** |
|---|---|

PLAINTIFF'S COMPLAINT FOR DAMAGES
1

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

1. COMES NOW Plaintiff ANDRES FRANCISCO PAZMINO (hereinafter referred to as "PLAINTIFF"), in this Complaint for causes of action against Defendants AMAZON.COM SERVICES LLC (hereinafter "DEFENDANT"); and DOES 1-100, Inclusive, and each of them, (collectively referred to as "DEFENDANTS"), complains and allege as follows:

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1332 (diversity question).

## PARTIES

3. Plaintiff, ANDRES FRANCISCO PAZMINO (hereinafter "PLAINTIFF").

4. At all times relevant and mentioned herein PLAINTIFF was and is a resident of California.

5. Defendants, AMAZON.COM SERVICES, LLC (hereinafter "DEFENDANT" and DOES 1-100 (hereinafter collectively " DEFENDANTS").

6. At all times relevant and mentioned herein, DEFENDANT, was and is, doing business in the State of California.

7. PLAINTIFF is informed and believes, and thereon alleges, that each of the DEFENDANTS designated herein as a DOE was negligent and/or was in the chain of distribution (including but not limited to the manufacturers, distributors, wholesalers, and retailers) of the defective product and/or was directly in the chain of marketing of the defective product and/or is otherwise responsible in some manner for the events and happenings herein referred to, and their negligence and/or other conduct pertaining to the incident described herein or pertaining to the defective product described herein or otherwise, proximately caused the severe

injuries to PLAINTIFF, either through said DEFENDANTS' own conduct or through the conduct of their agents, servants, or employees, or due to their ownership, rental, use, sale, repair, maintenance, designing, manufacturing, marketing or leasing of the instrumentality or property causing the injury, or in some other manner.

8. The true names and capacities, whether individual, corporate, associate, governmental, or otherwise of DOES 1 -100, inclusive, are unknown to PLAINTIFF at this time, who therefore sues said DEFENDANTS by such fictitious names; and when the true names and capacities of said DEFENDANTS are ascertained, PLAINTIFF will amend this complaint accordingly.

## GENERAL ALLEGATIONS

9. PLAINTIFF is informed, believes, and thereon alleges at all times herein mentioned, DEFENDANTS, and each of them, owned, maintained, controlled, possessed, managed, and/or otherwise operated the online shopping site amazon.com.

10. PLAINTIFF brings this action due to injuries and damages sustained in connection with an incident that occurred on or about February 11, 2025, when a candle making kit that was purchased from DEFENDANTS caused PLAINTIFF'S injuries during use.

11. PLAINTIFF viewed, ordered, and purchased from DEFENDANTS, via the online shopping site amazon.com, a candle making kit with wax melter for adults (hereinafter referred to as "WAX MELTER").

12. DEFENDANTS, and each of them, promoted, marketed, distributed, sold, or otherwise placed into the stream of commerce the WAX MELTER that PLAINTIFF purchased. DEFENDANTS, and each of them, received direct benefits from the sale of the WAX MELTER, including but not limited to a commission on the sale.

13. On or about February 11, 2025, when PLAINTIFF was using the WAX MELTER with due care, the defective handle of the WAX MELTER unexpectedly broke off propelling wax onto PLAINTIFF'S lower extremities. PLAINTIFF sustained severe and debilitating injuries as a result of the defective WAX MELTER.

14. DEFENDANTS, and each of them, are directly and vicariously liable for PLAINTIFF'S injuries and damages for marketing, supplying, distributing, and selling the WAX MELTER.

15. As a result of the SUBJECT INCIDENT, PLAINTIFF suffered severe, traumatic, and debilitating injuries that necessitated significant medical care.

## FIRST CAUSE OF ACTION

## NEGLIGENCE – FAILING TO WARN

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100.)

16. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

17. DEFENDANTS, and each of them, promoted, distributed, repaired and/or sold the WAX MELTER, expecting it would reach consumers in the condition in which it was manufactured and sold, and knowing, or with reason to know, it would be used without inspection for defects of any danger to PLAINTIFF.

18. The WAX MELTER did, in fact, reach PLAINTIFF without substantial change in the condition in which DEFENDANTS, and each of them, first sold it.

19. At the time of the incident, PLAINTIFF was using the WAX MELTER as it was intended to be used and in a reasonably foreseeable manner.

20. The WAX MELTER was defective in its design and/or manufacture because it did not perform as safely as an ordinary consumer would have expected it to perform. The WAX MELTER was unable to not cause injuries while being used as intended and in a reasonably foreseeable manner.

21. DEFENDANTS, and each of them, are also liable to PLAINTIFF

PLAINTIFF'S COMPLAINT FOR DAMAGES
4

because they failed to provide adequate warnings regarding the condition of the WAX MELTER, causing it to be unreasonably dangerous to the intended user at the time it left DEFENDANTS' possession. Neither the WAX MELTER nor any accompanying materials contained any warnings that were sufficiently adequate to have warned PLAINTIFF of the substantial danger that is the wax melter itself when the WAX MELTER is used in its intended manner.

22. The WAX MELTER was provided in a dangerous condition making it unreasonably dangerous, defective, and unsafe for its intended use.

23. DEFENDANTS, and each of them, are held to the level of knowledge of an expert in the field and knew or should have known the WAX MELTER was dangerous, defective, and unsafe for its intended use.

24. Despite DEFENDANTS' knowledge of the dangers associated with the use of the WAX MELTER, DEFENDANTS, and each of them, promoted, distributed, and/or sold the product without adequate information and data.

25. DEFENDANTS, and each of them, knew or should have known consumers, including PLAINTIFF, would foreseeably suffer severe injuries as a result of their failures.

26. DEFENDANTS, and each of them, failed to provide any warnings of a possible defect or dangerous condition.

27. As a direct result of the defective WAX MELTER and the conduct of DEFENDANTS, PLAINTIFF sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

## SECOND CAUSE OF ACTION
## NEGLIGENT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

28. PLAINTIFFS re-allege and incorporate herein by reference each and every allegation and statement contained in the prior paragraphs.

29. DEFENDANTS, and each of them, negligently, and recklessly distributed, repaired, maintained, sold, inspected, warranted, designed, manufactured, failed to warn, and/or advertised the WAX MELTER, such that it was dangerous and unsafe for its intended use and/or reasonably foreseeable use.

30. DEFENDANTS, and each of them, owed a duty to PLAINTIFF and the general public to exercise reasonable care in the sale of the WAX MELTER, to ensure it was safe for its reasonably foreseeable use.

31. DEFENDANTS, and each of them, failed to exercise the reasonable amount of care in the repair and sale of the WAX MELTER, that a reasonably careful manufacturer, designer, or seller would have used in the same or similar circumstances to avoid exposing others to a foreseeable risk of harm.

32. As a proximate result of said negligent conduct, PLAINTIFF suffered irreparable injuries as previously alleged. The negligence of DEFENDANTS, and each of them, was a substantial factor in causing PLAINTIFF'S injuries and damages, as previously alleged.

## THIRD CAUSE OF ACTION
## STRICT PRODUCTS LIABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

33. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

34. At all times mentioned herein, DEFENDANTS, and each of them, were engaged in the business of manufacturing, fabricating, designing, assembling, repairing, distributing, selling, inspecting, warranting, marketing, and/or advertising the WAX MELTER.

35. At all times mentioned herein, DEFENDANTS, and each of them, manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and/or sold the WAX MELTER and each of its component

parts with defects in either their design, manufacturing and/or failure to warn, which made WAX MELTER dangerous, hazardous and unsafe for its intended use.

36. PLAINTIFF is informed, believes, and thereon alleges that the WAX MELTER included design and/or manufacturing defects that resulted in PLAINTIFF'S injuries, and that the WAX MELTER contained this defect when it was introduced into the stream of commerce.

37. PLAINTIFF is informed, believes, and thereon alleges that DEFENDANTS, and each of them failed to properly warn of the dangers in the reasonable and intended use of the WAX MELTER.

38. As a direct result of the defective WAX MELTER and conduct of the DEFENDANTS, and each of them, PLAINTIFF sustained damages in an amount that will be stated according to proof, pursuant to California Code of Civil Procedure section 425.10.

## FOURTH CAUSE OF ACTION
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(By PLAINTIFF against DEFENDANTS and/or DOES 1-100)

39. PLAINTIFF re-alleges and incorporates herein by reference each and every allegation and statement contained in the prior paragraphs.

40. PLAINTIFF is informed, believes, and thereon alleges that PLAINTIFF purchased the WAX MELTER from DEFENDANTS.

41. PLAINTIFF is informed, believes, and thereon alleges that at the time of purchase, DEFENDANTS, and each of them, were in the business of selling candle making kits.

42. PLAINTIFF is informed, believes, and thereon alleges that the WAX MELTER was not of the same quality as those generally acceptable in the trade and was not fit for the ordinary purposes for which the WAX MELTER was used.

43. PLAINTIFF sustained irreparable injuries as a result of the defective

WAX MELTER.

44. PLAINTIFF is informed, believes, thereon alleges the failure of the WAX MELTER to have the expected quality was a substantial factor in causing the injuries of PLAINTIFF.

## **PRAYER FOR DAMAGES**

WHEREFORE, PLAINTIFF hereby prays for judgment against DEFENDANTS, and each of them, as follows:

1. General damages for PLAINTIFF'S, for conscious physical pain, suffering and emotional trauma during the SUBJECT INCIDENT and continuing through the present in an amount according to proof;

2. For PLAINTIFF'S, medical bills, including ongoing and future care, associated with the SUBJECT INCIDENT;

3. For other general damages in an amount according to proof at trial;

4. For other special damages in an amount according to proof at trial;

5. For pre-judgment and post-judgment interest;

6. For legal/attorneys, expenses, and costs under 42 U.S.C. section 1988;

7. For injunctive relief;

8. For actual damages; and

9. For such other and further relief as the Court may deem just proper.

10. For general damages (also known as non-economic damages), including but not limited to, past and future physical, mental, and emotional pain and suffering in an amount in excess of the jurisdictional minimum, according to proof;

11. For special damages (also known as economic damages), including but not limited to, past and future hospital, medical, professional, and incidental expenses as well as past and future loss of earnings, loss of opportunity, and loss of earning capacity, in excess of the jurisdictional minimum, according to proof;

12. For prejudgment interest, according to proof;

13. For cost of suit incurred herein, including attorney's fees, according to proof;

14. For damages for PLAINTIFF'S other losses, according to proof;

15. For such other and further relief as the Court may deem just and proper.

Dated: October 8, 2025                          ADAMSON AHDOOT LLP

                                                By: _____
                                                Douglas D. Shaffer, Esq.
                                                Attorneys for Plaintiff
                                                ANDRÉS FRANCISCO PAZMINO

## DEMAND FOR TRIAL BY JURY

PLAINTIFF hereby demands a trial by jury as to all causes of action.

Dated: October 8, 2025                          ADAMSON AHDOOT LLP

                                                By: _____
                                                Douglas D. Shaffer, Esq.
                                                Attorneys for Plaintiff
                                                ANDRÉS FRANCISCO PAZMINO